HOLLISTER BROTHERS, Respondents, v. DEWERD MILLING CO., Appellant.

(251 N. W. 805.)

(File No. 7543.   Opinion filed December 19, 1933.)

*Earl S. Farley,* of Milbank, for Appellant.

*Robert D. Jones,* of Milbank, and *Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Respondents.

RUDOLPH, P. J.   Two warehouse receipts covering approximately 900 bushels of corn were issued by the defendant milling company to J. W. Berens.   One of these storage tickets covered 100 bushels of corn, and the other 800 bushels of corn, and both recited "which amount in the same kind and grade will be delivered to the owner of this receipt or his order as provided by law and the rules of the Board of Railroad Commissioners of the State of South Dakota upon surrender hereof and payment of lawful charges."   Both storage tickets were dated December 16, 1930, and contained the following provision as paragraph 3 of each receipt:   "Unless otherwise agreed in writing, the storage period for corn shall terminate on April 1st following the issuance of the receipt."   With reference to the storage receipt for the 900 bushels of corn, an instrument in writing was executed by the milling company on the same date as the receipt, which was as follows:   "We hereby waive the 3rd provision, 'Unless otherwise agreed in writing, the storage period on corn shall terminate on April 1st following the issuance of the receipt,'" which writing was signed by the defendant milling company and delivered to Mr. Berens.   Some time in July, 1931, Berens transferred, assigned, and delivered the warehouse receipts to the plaintiff for a valuable consideration.   The plaintiff had no knowledge of the writing signed by the defendant and delivered to Berens, whereby the provisions contained in the third paragraph of the receipt were waived.   On December 26, 1931, plaintiff tendered to appellant the said storage tickets, and the storage charges on the corn which had accrued up to April 1, 1931, and demanded 900 bushels of corn or $315, the market value thereof as of April 1, 1931.   The defendant refused to comply with this demand asserting that it was entitled to the storage charges on such corn subsequent to April 1, 1931, and until such time as a proper demand had been made upon it, which would include the tender of the storage tickets and the charges accrued up to the time the demand was made.   Following the refusal of the defendant to comply with this demand, this action was brought

and tried before the circuit court without a jury, which court made findings of fact and conclusions of law, and entered judgment in favor of the plaintiff. The defendant has appealed from the judgment and an order denying its motion for a new trial.

Section 9753, Rev. Code 1919, as amended by chapter 299, Laws 1925, which was the law in effect at the time these receipts were given, provides, as follows: "It shall be the duty of every lessee, owner, or manager of any public warehouse operated in this state which has furnished a bond and received a permit to accept grain for storage, to receive for storage all grains offered for such purpose at such warehouse, which at the time of such offer may be in suitable condition for storage and which is tendered in the usual course of business, except when the capacity of such warehouse to receive such grain is exhausted and the owner, lessee or manager of such warehouse is prevented from shipping the grain to a terminal market by inability to obtain cars for shipment or some other valid cause rendering the receiving of such grain impossible and over which the owner, lessee or manager, has no control. Such warehouseman shall give a receipt for the grain so received, which shall bear a date corresponding with the receipt of the grain and shall state upon its face the kind and grade of the same, also the amount deducted for dirt and cleaning and shall state that such grain so received for storage is insured against loss by fire and tornado. Provided, that when corn is received for storage by any public warehouse, it shall be subject to all the provisions hereof, except that the lessee, owner or manager of any public warehouse may, if so authorized by the Board of Railroad Commissioners, include in its storage receipt a provision requiring that when such storage receipt is issued for corn, the owner shall either sell same or accept re-delivery thereof not later than April 1st, following. * * * No such warehouseman shall insert into any warehouse receipt issued by him any language in any way modifying his liability as imposed by the laws of this state."

It is the contention of the respondent that under the provisions of the Uniform Warehouse Receipts Law (sections 1906 to 1956, Rev. Code 1919), the receipts issued for this corn are negotiable receipts, and that the respondent is not bound by any agreement or writing other than the receipt itself of which he did not have notice, and the respondent contends therefore that the

storage period on the corn terminated on April 1, 1931, and that therefore he should be paid as of that date and be charged for no storage thereafter. It will be noted that the statute provides that a warehouseman may, if authorized by board of railroad commissioners, include in its storage receipts a provision requiring that, when such storage receipt is issued for corn, the owner shall either sell same or accept redelivery thereof not later than April 1st following. There is no such stipulation contained in the receipts under consideration. There has been an apparent attempt to comply with the above provisions of the statute by the insertion of the third paragraph of the receipt, which provides that, unless otherwise agreed in writing, the storage period for corn shall terminate on April 1st following the issuance of this receipt. We do not believe that this provision is authorized by the statute. The statute provides that the receipt may or may not terminate the storage period on corn on April 1st following its issuance, but it does not give authority to insert in the receipt a provision that unless it is otherwise agreed upon in writing the storage period shall terminate April 1st. Section 1910 provides that: "A receipt in which it is stated that the goods received will be delivered to bearer, or to the order of any person named in such receipt, is a negotiable receipt." Section 9753, wherein it provides that the receipt may contain a stipulation to the effect that the storage period on corn should terminate not later than the following April 1st, makes no distinction between negotiable and nonnegotiable receipts. Therefore, should we read into the statute authority to insert into a receipt the provision that "unless otherwise agreed upon in writing the storage period for corn shall terminate April 1st following the issuance of this receipt," it would follow that this statute is authority to insert such a provision in a negotiable receipt. Such a provision in a receipt would be contrary to the negotiable feature of the receipt, in the same manner that subjecting a note to the terms of another agreement referred to in the note is contrary to the negotiable feature of that instrument. 8 C. J. 124. We are convinced that there is no authority in the statute to permit the insertion of the third paragraph contained in the receipt.

We are further convinced that the insertion of this provision in the receipt is contrary to the statute. The said section 9753, as amended in 1925, makes it the duty of the warehouseman to accept

corn for storage and to issue a receipt therefor. The last sentence of that section specifically provides that: "No such warehouseman shall insert into any warehouse receipt issued by him any language in anyway modifying his liability as imposed by. the laws of this state." The laws of the state contemplate that the warehouseman's liability shall be fixed by the warehouse receipt, and to allow the insertion in such a receipt of a clause to the effect that his liability for stored corn might be dependent upon some extrinsic writing, in our opinion, is against this direct prohibition contained in the last sentence of said section 9753.

██ As we said above, the statute provides that the receipt may or may not terminate the storage period on corn on April 1st, following its issuance. This receipt does neither, but attempts to subject the receipt to some extrinsic agreement which we have already held to be contrary to the statute and against the direct prohibition contained in the statute. The respondent is charged with knowing that this third paragraph of the receipt is contrary to the provisions of our law, and that the warehouseman was prohibited from inserting such a paragraph in the receipt. We are of the opinion, therefore, that the said third paragraph is without any binding effect whatsoever, and that the receipt must be considered as though the said third paragraph had never been attempted to be made a part thereof. It follows that the receipts are without any valid provisions with reference to the storage period for this corn, and that the storage period did not terminate on April 1st following the issuance of the receipt.

The judgment and order appealed from are reversed.

· POLLEY, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, J., concurs in result.